UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE ICU MADRID,

                         Petitioner,

            -against-

SUPT. MARK MILLER,

                         Respondent.

23-CV-11026 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated at Green Haven Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging his February 4, 2020 conviction in the New York Supreme Court, Rockland County. Plaintiff paid the filing fee to bring this action.[1] The Court directs Petitioner to file an amended petition within 60 days of the date of this order as detailed below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret

---

[1] Petitioner initially filed this petition in the United States District Court for the Eastern District of New York. That Court transferred the petition to this District on December 20, 2023. Petitioner signed the petition on November 15, 2023.

them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The following facts are taken from the petition and its attachments. On or about February 4, 2020, in New York State Supreme Court, Rockland County, Petitioner was sentenced to 22 years of incarceration, following his pleading guilty to first-degree manslaughter. Counsel for Petitioner did not file a direct appeal, and Petitioner did not perfect his appeal on his own behalf. Petitioner alleges that he did not pursue an appeal because "no one explained that I could appeal, No one told me anything." (ECF 1, at 10.)

Over three years after Petitioner's judgment of conviction was entered, he filed an extension of time to file a late appeal in the Appellate Division for the Second Department, under N.Y. Crim. Proc. L. 460.30[1]. Petitioner alleges that he dated this motion, June 6, 2023. In a letter dated October 16, 2023, Petitioner wrote the Appellate Division asking for an update on his June 6, 2023 request, and attached another motion for an extension time, also dated October 16, 2023, where he argued that his "appeal waiver [was] invalid," his "sentence [was] harsh & excessive," someone "fail[ed] to present consequences," and the "agreement [was] not clear/understandable . . . including [the] failure to inform." (*Id.* at 4, 15-18.) In a letter dated November 1, 2023, the Appellate Division notified Petitioner that it never received Plaintiff's June 6, 2023 motion. (*See id.* at 30). The Appellate Division also notified Petitioner that,

> an appeal may be extended, but generally not more than one year after the time to take the appeal has expired (see CPL 460.3[1]) . . . [but] [i]n some other very limited cases, **a writ of error coram nobis may be the appropriate avenue for**

**seeking to file an untimely appeal where a defendant's attorney failed to comply with the defendant's timely request for the filing of a notice of appeal** and the time to move for such relief under CPL 460.30 has expired (see People v. Syville, 15 NY2d 391).

(*Id.*) (emphasis added).

In the instant petition, Petitioner asserts that he was "denied constitutional right to litigate and file motion for [late] appeal." (*Id.* at 7.) He also asserts that his "lawyer failed to i[n]form, in writing of right to appeal." (*Id.*) Finally, he appears to raise a ground challenging his plea, broadly claiming it was "not knowingly, voluntary" and that he "failed to understand what was being stated in courtroom, translation issues, etc." (*Id.*)

## DISCUSSION

### A.    Exhaustion of state court remedies

Before filing a petition for a writ of *habeas corpus* under Section 2254, an individual incarcerated in a state correctional facility pursuant to a state court judgment must exhaust all available state remedies. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine requires that the state courts must be given the first opportunity to review alleged constitutional errors associated with a petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

Petitioner indicates that he submitted documents to the Appellate Division, seeking leave to file a late appeal, and that the Appellate Division informed him that he may seek relief by filing a petition for a writ of error *coram nobis*, in the event that his lawyer failed to file a notice

of appeal on his behalf after he requested that his lawyer do so. Petitioner does not indicate

whether he has filed a petition for a writ of error *coram nobis*.

Moreover, Petitioner does not state whether the Appellate Division ever ruled on his

October 16, 2023 motion for an extension of time to file a late appeal that he apparently

submitted when following up on his June 6, 2023 appeal. Thus, at this stage, the Court is unable

to conclude whether Petitioner has completed exhausting his available state court remedies.[2]

## B.    Rule 2 of the Rules Governing Section 2254 Cases

A petition filed under Section 2254 must conform to the Rules Governing Section 2254

Cases. Rule 2(c) requires a petition to specify all of a petitioner's available grounds for relief,

setting forth the facts supporting each of the specified grounds and stating the relief requested. A

petition must permit the Court and the respondent to comprehend both the petitioner's grounds

for relief and the underlying facts and legal theory supporting each ground so that the issues

presented in the petition may be adjudicated.

This petition does not conform to the requirements of Rule 2(c). Petitioner does not detail

the supporting facts for each ground for relief. For example, Petitioner states that his plea to

second-degree manslaughter was "not knowingly, voluntary" and that he did not understand his

proceedings because of "translation issues." (ECF 1, at 7.) He does not, however, detail the

nature of the alleged translation issues. For example, he does not allege that an interpreter did not

---

[2] The Court notes that, if Petitioner has completed exhausting his state court remedies, he will need to show that he filed his Section 2254 petition within one year of the date his judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1). At later stage in this proceeding, should Petitioner be required to address the timeliness of this petition, he may allege facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for habeas corpus petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

translate the proceedings or translate the terms of his plea agreement. Moreover, the petition does not state whether Petitioner's plea was not knowing or voluntary because of the alleged translation issues, or for some other reason that is not detailed in the petition.

Mindful of the Court's duty to construe *pro se* actions liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court has analyzed Petitioner's submission and finds that neither the Court nor a respondent could discern the constitutional basis for the petition from the information currently presented in it.

## C.     Leave to Amend

The Court grants Petitioner leave to submit an amended petition within 60 days of the date of this order to address whether he filed a petition for a writ of error *coram nobis* and to plead facts in support of each ground for relief. **Petitioner is advised that an amended petition completely replaces the original petition.**

## CONCLUSION

The Court grants Petitioner 60 days, from the date of this order, to file an amended petition containing the information specified above. The amended petition must be submitted to the Pro Se Unit of this court, be captioned as an "Amended Petition," and include docket number 23-CV-11026 (LTS). An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner should complete as specified above.

Once submitted, the Court shall review the amended petition, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied without prejudice for failure to exhaust available state court remedies.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 21, 2024
          New York, New York

                                            /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                        Chief United States District Judge

AO 241
(Rev. 06/13)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

### Clerk, United States District Court for
### Address
### City, State  Zip Code

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241                                                                                                                          Page 2
(Rev. 06/13)                               **AMENDED**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| | v. | |

| The Attorney General of the State of |
|---|

**AMENDED**
**PETITION**


1.      (a) Name and location of court that entered the judgment of conviction you are challenging:




        (b) Criminal docket or case number (if you know):

2.      (a) Date of the judgment of conviction (if you know):

        (b) Date of sentencing:

3.      Length of sentence:

4.      In this case, were you convicted on more than one count or of more than one crime?    ❑  Yes        ❑  No

5.      Identify all crimes of which you were convicted and sentenced in this case:







6.      (a) What was your plea? (Check one)

                        ❑  (1)      Not guilty      ❑  (3)      Nolo contendere (no contest)

                        ❑  (2)      Guilty          ❑  (4)      Insanity plea

AO 241
(Rev. 06/13)                                                                                      Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

      ❏ Jury     ❏ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ❏ Yes     ❏ No

8.    Did you appeal from the judgment of conviction?

      ❏ Yes     ❏ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?     ❏ Yes    ❏ No

      If yes, answer the following:

      (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Result:

      (4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?      ❒  Yes      ❒  No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.      Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?      ❒  Yes      ❒  No

11.      If your answer to Question 10 was "Yes," give the following information:

(a)      (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒  Yes      ❒  No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes    ❏ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒  Yes        ❒  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:        ❒  Yes        ❒  No

(2)  Second petition:    ❒  Yes        ❒  No

(3)  Third petition:      ❒  Yes        ❒  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:


12.        For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):


(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 06/13)

Page 7

(c)　**Direct Appeal of Ground One:**

　　(1) If you appealed from the judgment of conviction, did you raise this issue?　❏ Yes　❏ No

　　(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

　　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　　❏ Yes　❏ No

　　(2) If your answer to Question (d)(1) is "Yes," state:

　　Type of motion or petition:

　　Name and location of the court where the motion or petition was filed:

　　Docket or case number (if you know):

　　Date of the court's decision:

　　Result (attach a copy of the court's opinion or order, if available):

　　(3) Did you receive a hearing on your motion or petition?　❏ Yes　❏ No

　　(4) Did you appeal from the denial of your motion or petition?　❏ Yes　❏ No

　　(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　❏ Yes　❏ No

　　(6) If your answer to Question (d)(4) is "Yes," state:

　　Name and location of the court where the appeal was filed:

　　Docket or case number (if you know):

　　Date of the court's decision:

　　Result (attach a copy of the court's opinion or order, if available):

　　(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)        **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?         ❏   Yes        ❏   No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)        **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏   Yes        ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?                    ❏   Yes        ❏   No

(4) Did you appeal from the denial of your motion or petition?              ❏   Yes        ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes   ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:




(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

         have used to exhaust your state remedies on Ground Two



**GROUND THREE:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❒ Yes    ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes    ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ❒ Yes    ❒ No

(4) Did you appeal from the denial of your motion or petition?    ❒ Yes    ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❒ Yes    ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?            ❏    Yes        ❏    No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❏   Yes        ❏    No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                   ❏   Yes      ❏   No

(4) Did you appeal from the denial of your motion or petition?                              ❏   Yes      ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?      ❏   Yes      ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 06/13)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?        ❏  Yes        ❏   No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?        ❏     Yes        ❏   No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?        ❏     Yes        ❏   No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.

AO 241
(Rev. 06/13)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ❐ Yes   ❐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ❐ Yes   ❐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print    Save As...    Reset